### SPANN v. TRUMPF.

### No. 11648.

Court of Civil Appeals of Texas. Dallas.
May 11, 1935.

Rehearing Denied June 8, 1935.

J. E. Gilbert and J. C. Muse, Jr., both of Dallas, for appellant.

John D. Coffman, of Dallas, for appellee.

BOND, Justice.

Appellant, R. L. Spann, as landlord, began this litigation by the filing in a justice court of Dallas county of an affidavit and bond for a distress warrant against appellee, Paul C. Trumpf, as tenant, to recover rent in the sum of $438.10, due under a written lease, dated July 8, 1930, and running for a term of one year, beginning August 1, 1930, with an option to the tenant for a continuation of the lease for another year at the same rate, $95 per month. The tenant held over during the second year.

The distress warrant proceedings were filed in the justice court, presided over by B. H. Fly, Esquire, and the warrant was issued by E. John Baldwin, a justice of another precinct having the same territorial jurisdiction. The distress warrant was directed returnable "before me at my office in Dallas, in said county, on or before the 1st day of the next term of the County Court at Law No. 1, Dallas County, Texas," and the officer made levy on personal property subject to the landlord's lien, it having been moved off of the lease premises less than thirty days of the filing of the suit, took the property into his possession, and made returns to the "County Court of Dallas County at Law No. 1, of Dallas County."

In the county court, preliminary to the trial of the cause, on motion of appellee, the distress warrant was quashed, on the ground that the warrant was returnable to a justice court not having jurisdiction of the amount involved, and that the justice

of the peace issuing the warrant was not shown to be authorized to act for the justice of the court where the proceedings were filed. So, the distress warrant being quashed, the court directed the property taken thereunder to be returned to the owner. The plaintiff reserved no exception to the action of the court in quashing the distress warrant.

On September 6, 1932, the appellant filed in the county court of Dallas county at law No. 1 his original petition, alleging that there exists a subsisting written agreement by which the appellee leased the premises for a term of one year, with an option to lease for another year, with subsequent verbal changes in the agreement as to the rate of rentals. The changes in the rate of rentals alleged by the appellant are: (1) That on September 1, 1931, he agreed with the appellee to reduce the rate to $70 per month, and (2) that on January 1, 1932, hè agreed to reduce it to $50 per month. Appellant further alleged breach of the agreement, claimed a landlord's lien on the property taken under the distress proceedings, and sought judgment for the amount of rent unpaid and foreclosing of his lien on the property subjected to the levy.

On the trial of the cause on the merits, the controversy centered on the verbal changes in the written contract: The appellant contending that the rate of rentals during eleven months of the second yearly period of the lease were reduced to stated amounts—$70 and $50 per month, respectively, and the appellee contending that the amount was indeterminate, that he occupied the premises by agreement with the appellant to prevent its vacancy and agreeing to pay only an amount commensurate with his ability to pay. The evidence supports the contentions of the respective parties.

The cause was submitted to a jury and it found against appellant's contention: (1) That on September 1, 1931, plaintiff Spann did not reduce the rentals from $95 to $70 per month; (2) that on January 1, 1932, plaintiff Spann did not reduce the rentals to $50 per month; (3) that the defendant Trumpf did not agree to pay $50 per month after January 1, 1932; and (4) that the defendant Trumpf was due to the plaintiff Spann only the sum of $37.60.

It must be noted that the appellant presented no exception as to the form and manner in which the issues were submitted to the jury, and did not request additional findings. On analysis of the findings, the trial court entered judgment in favor of the plaintiff for the sum of $37.60, and for a foreclosure of the landlord's lien on described personal property.

In view of the contentions raised by pleadings and evidence, plaintiff, on the one hand, contending that a verbal change was made in the written contract, in the particulars as above stated, and the defendant, on the other hand, claiming the verbal change was that he was to pay only commensurate with his ability, owing nothing for the second yearly period of the lease, the evidence being disputed in both contentions, we are inclined to the view that the interpretation placed on the verdict by the trial court was correct, finds support in the record, and, in the absence of objection raised as to the form and manner in which the issues were submitted, we are not authorized to disturb the jury's findings.

Appellant's further assignment challenges the action of the court in quashing the distress warrant and directing the property taken thereunder to be returned to the owner.

By article 5229, R. S. 1925, it is provided that upon the filing of a proper oath and bond for the issuance of a distress warrant, the justice shall issue the warrant returnable to the court having exclusive jurisdiction thereof; and by article 2377, it is provided that no justice of the peace shall office and perform duties for another justice, unless the justice is absent, or unable or unwilling to perform the duties of his office.

As noted above, the amount sued for is beyond the jurisdiction of the justice court, cognizable exclusively in the county court of Dallas county; the distress warrant was made returnable to the justice court issuing the warrant and on a date fixed for the convening of the county court of Dallas county, and the justice issuing the warrant was officing in and performing duties for another justice court, without the showing of any of the grounds for such action. It thus appears that the distress warrant was not in compliance with the statute, not returnable as required by law, and not issued by a proper justice of the peace. We are of the opinion that the trial court correctly sustained the motion to quash the distress warrant, and directed the return of the property taken thereunder to the owner.

■ Seizure of personal property under writ in a distress proceeding in justice court by landlord against tenant for rents is for security, to hold the property in statu quo pending suit for foreclosure. So, the quashing of the writ quashes the levy thereunder and the property must be returned to the defendant, but the quashing of the writ and the return of the property in no way impairs the landlord's lien. Appellant's statutory lien on the property existed independent of the distress warrant, but the right of possession thereof pending the foreclosure was in the tenant. The court did not err in directing the return of the property to the tenant.

The judgment of the lower court is affirmed.

Affirmed.